KATHLEEN G. CULLY PLLC
Kathleen G. Cully
305 Broadway, 14th Floor
New York, NY 10007-1134
Telephone (212) 447-9882

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                                                    Case No. 09-17174-MG

*Frank Palminteri and Maria Palminteri*,                      Chapter 7

                         Debtors.

Address:    45 Wall Street
                 Apt. 311
                 New York, NY 10005
SSN:       xxx-xx-4589 and xxx-xx-4178
------------------------------------------------------------------x

*Frank Palminteri and Maria Palminteri*,                      Adversary Proceeding
                         Plaintiffs,                 Case No. _____-MG

                -against-

*Nestor A. Winters, Brian D. Winters, and
Keith, Winters and Wenning, L.L.C.*,
                         Defendants

------------------------------------------------------------------x

<u>ADVERSARY COMPLAINT FOR VIOLATION OF 11 U.S.C. § 362, DISGORGEMENT OF
ATTORNEY'S FEES PURSUANT TO 11 U.S.C. § 329(B), VIOLATION OF RULE 9011 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE AND BANKRUPTCY MALPRACTICE</u>

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

      The Debtors, Frank Palminteri and Maria Palminteri, by and through their attorney, Kathleen G. Cully, bring this complaint (the "**Complaint**"), and allege, upon information and belief, as follows against the Defendants:

JURISDICTION AND VENUE

    1. This action is brought pursuant to Rule 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure (the "**Rules**") to seek relief in accordance with 11 U.S.C. § 105 and other applicable law.

    2. This adversary proceeding arises out of and relates to the above-captioned Chapter 7 case.

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(A) and (O).

4.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1409(a), as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 of the United States Code (the "**Code**") which is pending in this district.

## PARTIES

5.  As more fully described below, the Debtors filed a petition for bankruptcy on September 17, 2009. On March 18, 2010 the Debtors amended their petition to include their claims against Defendants, which they exempted up to the amount of $16,393.70. The period for objecting to exemptions ended on May 16, 2010 pursuant to Federal Rule of Bankruptcy Procedure 4003(b). Exempt property is not part of the bankruptcy estate pursuant to Code § 522(b)(1). *See, e.g., Bell v. Bell (In re Bell)*, 225 F.3d 203 (2d Cir. 2000) ("quite simply, property that has been exempted belongs to the debtor," *id.* at 216). Therefore, any interest that the bankruptcy estate may have in their claim is limited to recoveries in excess of $16,393.70.

6.  On June 30, 2010, the trustee in this case issued her Report of No Distribution, abandoning the interest of the Debtors' bankruptcy estate in their claim. Should the estate still retain an interest in their claim under Code § 554(c) notwithstanding the Report of No Distribution, the Debtors will turn over any recovery in this proceeding that exceeds $16,393.70.

7.  Consequently, Debtors have standing and authority to bring this action and the claims asserted herein.

8.  Defendants are Debtors' former counsel in this case. Both individual Defendants are admitted to practice in New York and New Jersey, and one of the individual Defendants is the managing partner of the corporate Defendant. The corporate Defendant maintains its principal office in New Jersey.

## GENERAL ALLEGATIONS

9.  On or about April 13, 2009, Debtors engaged Defendants to assist them in filing a bankruptcy petition for a fee of $3,800, $3,000 of which was paid before their petition was filed. Debtors then resided in New Jersey.

10. Defendants advised Debtors that they were not eligible to file under Chapter 7 of the Code because their income exceeded the median income in New Jersey. This advice effectively forced the Debtors, who would have preferred to file under Chapter 7, to file under Chapter 13 of the Code.

11. Defendants did not inform Debtors that they could qualify for Chapter 7 either (1) by deducting the payments on the mortgages secured by their New Jersey residence or (2) by claiming the additional transportation expense necessary for Ms. Palminteri to commute to her job in New York and waiting to file their petition until more than six months had elapsed since the receipt of their tax refund for the previous year (or simply excluding the refund from their income and adjusting the deduction for necessary tax expenses to reflect the Debtors' tax

liability rather than their withholdings, as recommended by the Statements of the United States Trustee's Program on Legal Issues arising under the Chapter 7 Means Test and under the Chapter 13 Disposable Income Test). Based on information contained in the Form B22C filed by the Debtors on Defendants' advice, if the Defendants had employed either approach the Debtors would have been eligible to file under Chapter 7 of the Code. The Form B22C is included in Exhibit A to this Complaint.

    12. Five days after retaining Defendants, Debtors received an offer to purchase their New Jersey residence. On May 31, 2009, Debtors moved to New York to facilitate the purchase. They so informed Defendants, who did not correct their street or mailing address as stated in the petition itself. Defendants did, however, include Debtors' apartment lease in Schedule G, their security deposit in Schedule B and their monthly rent and storage unit in Schedule J, noting as well in Item 26 of Form B22C that "rents [are] higher in New York." *See* Exhibit A.

    13. On September 17, 2009, Debtors filed their petition under Chapter 13 of the Code in the Bankruptcy Court for the District of New Jersey (Case No. 09-34498). That petition is attached as Exhibit A. The Debtors' schedules included the $800 still owed to Defendants, and their plan provided for payment of that amount as an administrative expense.

    14. On October 23, 2009, the Chapter 13 Trustee filed his objection to confirmation of the Debtors' plan. Only then did Defendants inform the Debtors that they were eligible to file in New York and should consider engaging New York bankruptcy counsel.

    15. On October 30. 2009, the Debtors met with Ms. Cully, who advised them that they were indeed eligible to file in New York and were probably eligible to file under Chapter 7 of the Code. The Debtors decided to transfer their bankruptcy case to New York, convert to Chapter 7 and engage Ms. Cully as their New York bankruptcy counsel. This of course required them to pay Ms. Cully's fee, with the result that the Debtors have now paid twice for their bankruptcy filing.

    16. Ms. Cully thereafter worked with Defendants to move to transfer venue and to be substituted for Defendants as counsel for the Debtors. In connection with that substitution, Ms. Cully requested from Defendants a copy of the Debtors' file. Defendants refused to provide a copy until the Debtors paid the $800 still owing of the Defendants' fee. Copies of the Defendants' e-mails stating their refusal are attached as Exhibit B. The Debtors paid the Defendants the full $800, withdrawing money from Ms. Palminteri's exempt 401(k) account to do so and thereby incurring taxes and penalties.

    17. As bankruptcy counsel, Defendants knew or should have known that this demand violated the automatic stay imposed by Bankruptcy Code § 362.

    18. The copy of the Debtors' file that Defendants provided was extremely incomplete, lacking, among other things, copies of the Debtors' income tax returns and payment advices required by Code §§ 521(e)(2)(A)(1) and 521(a)(1)(B)(iv), statements from the Debtors' mortgagees and other secured creditors necessary for completing Form B22C (or, in the case of a Chapter 7 petition, Form B22A), a bankruptcy questionnaire or intake form containing the information required for their petition or even a retainer agreement or the disclosures required of a debt relief agency pursuant to Code § 527.

19. Instead, the file sent by Defendants only contained some (but not all) of the documents filed with the New Jersey bankruptcy court; some correspondence with the Debtors and credit card and other statements they provided, in no particular order; and correspondence with Ms. Cully regarding the transfer of venue. Consequently, their petition had to be reconstructed almost *ab initio* for filing in New York, complicated by their New Jersey petition and a possible negative report by the New Jersey trustee to the New York trustee.

20. On December 7, 2009, the New Jersey Bankruptcy Court ordered the transfer of the Debtors' case to the Southern District of New York, where it was assigned case no. 09-17174.

21. From November 2009 through January 2010, Ms. Cully worked with the Debtors to correct their bankruptcy petition and schedules and prepare to convert their case to Chapter 7.

22. On January 6, 2010, the Debtors converted their case to Chapter 7 of the Bankruptcy Code. On January 12, 2010, the Debtors filed an amended petition and schedules.

23. On February 12. 2010, through Ms. Cully, the Debtors reminded Defendant Nestor Winters that he had violated the automatic stay of Section 362 of the Bankruptcy Code by forcing them to pay the balance of his legal fee, pointed out that significant work had been required in connection with the transfer to New York and offered to settle the matter. Defendants engaged counsel, who stated that Defendants had not violated the automatic stay. After an exchange of e-mails, Defendants, through their counsel, refused to settle the matter, offering only to refund the $800.

24. On March 10, 2010, the Debtors again offered, through their counsel, to settle the dispute. Defendants' counsel again refused, stating that "If a complaint is filed, I will respond by a Rule 11 letter." His e-mail so stating is attached as Exhibit C.

25. On March 18, 2010, the Debtors filed further amended schedules listing and exempting their claim against the Defendants. On April 17, 2010, the time to object to their exemptions expired.

26. On June 30, 2010, the Debtors' Chapter 7 trustee filed her Report of No Distribution, abandoning inter alia the Debtors' claim against the Defendants.

27. On July 6, 2010, the Debtors received their discharge under Chapter 7 of the Bankruptcy Code.

28. On August 6, 2010, the Debtors once again offered, through their counsel, to settle the dispute. Through their counsel, the Defendants once again refused.

29. On April 22, 2011, the Debtors once again offered, through their counsel, to settle this dispute and provided a draft of this Complaint. The Defendants once again refused by a letter from their counsel dated May 6, 2011, again offering only to refund the $800 and threatening a Rule 2011 proceeding if this Complaint were filed. In addition, the Defendants' counsel accused the Debtors of falsifying expenses and acting in bad faith not just in the New York proceeding but also in preparing their original petition, which Defendants filed on behalf of the Debtors and which was signed by Defendant Brian D. Winters. On information and belief, Defendants reviewed the expenses claimed by the Debtors, requested documentary support that was

furnished by the Debtors and ultimately accepted the validity of those expenses. That Defendants now question these expenses only shows their own bad faith.

30. The Defendants did not, however, provide any defense or even explanation of their conduct. In essence, the Defendants threatened the Debtors in order to prevent.them from initiating this adversary proceeding. As the letter of Defendant's counsel contains defamatory material, Defendants intend to request confidential treatment pursuant to Rule 9018.

First Claim for Relief

(Willful Violation of the Automatic Stay)

31. The Debtors repeat and reallege the allegations in paragraphs 1 through 30 inclusive, as though fully set forth herein.

32. Code § 362(a)(1)(6) imposes a stay, "applicable to all entities," of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." The Defendants' refusal to provide a copy of the Debtors' file until their claim for $800 was paid constituted an act to collect or recover a pre-filing claim and consequently violated the automatic stay.

33. Code § 362(k)(1) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." As the Defendants had filed a bankruptcy petition on Debtors' behalf, they clearly knew that the Debtors had filed a bankruptcy petition; as lawyers engaged in the practice of bankruptcy law, Defendants were or should have been aware of the restrictions imposed by the automatic stay.

34. Consequently, such violation was willful, entitling Debtors to actual damages, costs and attorneys' fees. Further, these circumstances, involving a violation of the automatic stay by Debtors' own bankruptcy counsel, amply justify an award of punitive damages. *See, e.g.*, *In re Westridge*, Case No. 07-35257 (Bankr. S.D.N.Y., Oct. 23, 2009); *In re Seniecle*, Case No. 06-34763 (Bankr. N.D.N.Y., Apr. 20, 2009).

Second Claim for Relief

(Refund of Excessive Fees pursuant to Code § 329(b) and Rule 2017)

35. The Debtors repeat and reallege the allegations in paragraphs 1 through 34 inclusive, as though fully set forth herein.

36. Code § 329(b) provides that the Court may order the return of any payment to debtor's counsel that exceeds "the reasonable value" of counsel's services. Rule 2017(a) similarly provides that the Court may determine whether any payment by the debtor to an attorney is excessive.

37. Here, the Defendants failed to advise the Debtors that they were probably eligible to file a petition under Chapter 7 of the Code; failed to advise them even to wait until receipt of their tax refund would no longer be included in the six-month period prior to the filing of their petition; failed to advise the Debtors after their move to New York that venue was probably no longer proper in New Jersey; and did not properly prepare the Debtors' bankruptcy petition or

maintain their file, requiring the preparation of a substantially new petition after their case was transferred to New York. The services performed by Defendants were so inadequate and indeed detrimental as to be valueless, entitling the Debtors to the refund of the entire fee paid to Defendants.

### Third Claim for Relief

(Violation of Rule 9011(b))

38. The Debtors repeat and reallege the allegations in paragraphs 1 through 37 inclusive, as though fully set forth herein.

39. Rule 9011(b)(3) provides that an attorney signing or filing a petition "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the facts in the petition are supported by evidence. Defendants incorrectly stated such a simple and obvious fact as the Debtors' address, even though the Debtors had informed them that they had moved to New York. Defendants were thus aware that the Debtors no longer resided in New Jersey, and had not resided in New Jersey for the greater part of the 180-day period preceding the filing of the petition, as required by 28 U.S.C. § 1408. Yet Defendants nevertheless stated the Debtors' address was their former residence and filed their bankruptcy petition in New Jersey. Defendants also committed other errors, misstatements and omissions as described herein and will be shown at trial. As a result, Defendants filed the Debtors' bankruptcy petition in violation of Rule 9011.

40. Rule 9011(c) provides that the Court may impose "an appropriate sanction" upon attorneys who have violated Rule 9011(b). Such a sanction "may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." An award of Debtors' attorney's fees and expenses is amply justified in this case.

### Fourth Claim for Relief

(Bankruptcy Malpractice and Breach of Fiduciary Duty)

41. The Debtors repeat and reallege the allegations in paragraphs 1 through 40 inclusive, as though fully set forth herein.

42. As set forth herein and will be demonstrated at trial, Defendants, who were Debtors' counsel but did not exercise the care, skill and diligence commonly possessed by a member of the legal profession, acted negligently in advising the Debtors with respect to their bankruptcy and in preparing and filing their bankruptcy petition. As a result, they injured the Debtors by delaying and complicating their bankruptcy, by requiring them to incur additional expense in the preparation of their New York bankruptcy, and by charging them fees for preparing and filing an unnecessary and even disadvantageous bankruptcy petition in New Jersey.

43. Similarly, Defendants breached their fiduciary duty to Debtors through their negligence and failure to take reasonable care, exercise reasonable judgment and general lack of regard for the Debtors' interests. Instead, Defendants used their fiduciary relationship with Debtors for

their own benefit, from charging excessive fees for defective work to violating the automatic stay to collect the last dollar of their fees.

  WHEREFORE, the Debtors pray for judgment as follows:

1. Actual damages and costs pursuant to Code § 362(k) and Rule 9011(c);

2. Refund pursuant to Code § 329(b) and Rule 2017 of the entire fee paid to Defendants;

3. Debtors' attorney's fees and expenses pursuant to Code § 362(k), Rule 9011(c) and *Chambers v. NASCO, Inc.* (S. Ct., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)) (attorneys' fees and expenses may be assessed as a sanction against a party acting "in bad faith, vexatiously, wantonly, or for oppressive reasons", 45-46);

4. Punitive damages pursuant to Code § 362(k) and Rule 9011(c); and

5. Such other and further relief as the Court may deem just and proper.

Dated: May 31, 2011          Respectfully submitted,
   New York, NY

                 KATHLEEN G. CULLY PLLC

                 By: /s/ Kathleen G. Cully
                   Kathleen G. Cully
                Attorney for Debtors
                305 Broadway, 14th Floor
                New York, NY 10007-1134
                Telephone (212) 447-9882
                Fax (800) 979-0423